**Dinna Jorilla TORRES, Petitioner,**

v.

**IMMIGRATION NATURALIZATION AND SERVICES, et al., Respondents.**

No. 01–70910.
INS No. A70–211–154.

United States Court of Appeals, Ninth Circuit.

Argued July 11, 2002.

Submitted July 22, 2002.

Decided Aug. 19, 2002.

Before WARDLAW and BERZON, Circuit Judges, and ISHII,* District Judge.

## MEMORANDUM**

Dinna Jorilla Torres ("Torres") petitions for review from a decision of the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") denying Torres's motion to rescind or reopen an order of removal entered in absentia. We grant the petition for review and remand. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ 1. Torres has not explained how or why it was "mandatory" that she prepare for the civil lawsuit deposition at the same time that her removal hearing was scheduled to take place. Nor has she explained—assuming the "mandatory" nature of this deposition preparation—why she did not notify the IJ before the hearing to request rescheduling. The BIA did not, therefore, abuse its discretion by concluding that Torres's decision to attend the deposition preparation in lieu of the scheduled hearing did not qualify as an "exceptional circumstance" that was "beyond [her] control." 8 U.S.C. §§ 1229a(b)(5)(C), (e)(1).

■ 2. The Form I–213 proffered by the INS as evidence of Torres's removability does not state that Torres is removable (or that she conceded that she is) or that she overstayed the period for which she was authorized to remain in the United States. Although the Form I–213 does state that Torres is a citizen of the Philippines and that she entered the United States in 1989 as a visitor for pleasure, this information does not constitute "clear, unequivocal, and convincing evidence" that she is "removable." § 1229a(b)(5)(A); *Orhorhaghe v. INS*, 38 F.3d 488, 504–05 (9th Cir.1994). Moreover, the information that Torres entered the United States in 1989 could only have come from the asylum application, as the information appears in the record only on that application and not in the handwritten notes of the later interview. The INS therefore did rely on Torres's 1992 asylum application to meet its burden of proof. Such reliance is prohibited by 8 C.F.R. § 240.11(e). Accordingly, the BIA abused its discretion in holding that the INS clearly, convincingly, and unequivocally established Torres's removability. § 1229a(b)(5)(A).

■ 3. We do not have jurisdiction to consider Torres's argument that the BIA abused its discretion in affirming the IJ's decision not to reopen the in absentia removal proceedings in order to consider whether Torres should receive asylum. § 1229a(b)(5)(D).

## CONCLUSION

The petition for review is GRANTED, and remanded for rescission of the order of removal entered in absentia.

---

* The Honorable Anthony W. Ishii, United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.